**J. F. KETCHEY, Appellant,**

v.

**Robert WEST, Appellee.**

**No. 15491.**

Court of Civil Appeals of Texas.

Dallas.

May 22, 1959.

Rehearing Denied June 12, 1959.

O'Connor & Douglass, Dallas, for appellant.

Burt Barr, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Robert West, acting by and through his duly authorized agent, Chester Breneman, entered into an oral contract in September 1957 with appellant, J. F. Ketchey, whereby Ketchey agreed to construct 110 feet of concrete sidewalk and 30 feet of concrete driveway for a consideration of $275.00.

Ketchey built the sidewalk and driveway and the job was inspected and approved by Breneman, who handed Ketchey West's check in the amount of $322.50. This amount included not only the $275 for building the sidewalk and driveway in question, but $40 for another walk and $7.50 for concrete used by Breneman on another job.

Breneman's inspection and acceptance of the job had been made in the evening about twilight and had failed to reveal certain defects. Ketchey had failed to put in expansion joints as required by City Ordinance No. 2977.

Next morning West himself examined the sidewalk and driveway, and noticed the defects. He tried to stop payment on his check. He was too late. Ketchey had already cashed the check.

West then complained to the City authorities. K. B. Roddy, an engineer employed by the City of Dallas in its Department of Public Works, sent an inspector to look at the job. The inspector reported that the expansion joints had been left out and that the finish was a little rough, but would be acceptable. Roddy thereupon called Ketchey and instructed him to go out and saw the joints and place the expansions as required by specifications.

A few days later Ketchey rented a machine to cut the joints, got the expansions, and took a man out to the job to put in the joints as directed by the City. Breneman stopped him on West's orders and told him to leave the job alone, as West had decided he "didn't want to do it." By that time two cracks had appeared in the concrete, which cracks the trial judge found were caused by the lack of expansion joints. Ketchey testified that the two cracks could be cut out and the concrete replaced.

On October 1, 1957 West filed suit against Ketchey for $322.50 alleging that Ketchey had failed to edge the driveway in accordance with an old driveway already in existence, and had failed to put in expansion joints in the sidewalk and driveway, with the result that the concrete had cracked. West further alleged in his petition that "said walk is wholly and utterly worthless to plaintiff herein, all to the plaintiff's damages in the sum of $322.50". He alleged that the walk was worthless, but he did not allege that the driveway

**42**

was worthless. There were no allegations of fraud.

After a trial before the court without a jury, judgment was rendered for West for $275.50. The court found as a fact that the sidewalk and driveway are "of no value to plaintiff."

At the trial in February 1958, West testified that he had not torn out the walk and driveway constructed by Ketchey and that he had continued to use them both to the date of the trial. His exact testimony is as follows: "I live there at the place and I do drive across it to get to my garage and have been since it has been put in and I used the driveway this morning. I have made no effort to tear it up and replace it."

 Appellant's first point is that the court erred in overruling two special exceptions to appellee's petition. The judgment recites that the exceptions were overruled because they were filed after appellant had announced ready for trial. Whatever error there may have been in the court's action, if there was any, was not of such nature as to affect the outcome of the trial. Rules 90 and 434, Texas Rules of Civil Procedure. Appellant's first point is overruled.

In his third and fourth points appellant asserts in substance that since appellee's agent Breneman approved and accepted the work and appellee has continued to use the sidewalk and driveway to date of the trial, appellee is not in position to claim the work is faulty, especially that it is of no value whatever, as found by the court. Southern Surety Co. v. Sealy Independent School District, Tex.Civ.App., 10 S.W.2d 786, 788–789. This contention carries forward appellant's defensive plea of waiver as alleged in his amended answer and in his motion for new trial. Appellant's third and fourth points are sustained.

However we shall not render judgment in favor of appellant. It is undis-puted that there were defects in the walk and driveway as constructed by appellant. Appellant admits as much. On the other hand the record as a whole fails to support appellee's claim and the court's finding that the work is worthless. We think the case was tried on the wrong theory. Loggins v. Gates, Tex.Civ.App., 301 S.W.2d 525.

Appellant has prayed only that the case be reversed and remanded for a new trial. We believe such a judgment by this court is proper. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792, 799 (Syls. 7 and 8); Coleman v. Littles, Tex.Civ.App., 214 S.W.2d 678; Hargrove v. Keopke, Tex.Civ.App., 210 S.W.2d 434; Rules 434 and 505, T.R. C.P.

The judgment of the trial court will be reversed and the cause remanded for another trial.