**Burtis R. HAMMONDS and wife, Norma Hammonds, Individually and d/b/a the Garden Center and Flower Shop, Appellants,**

**v.**

**Ed HOLMES et al., Appellees.**

**No. 5615.**

Court of Civil Appeals of Texas, Waco.

Oct. 21, 1976.

Rehearing Denied Nov. 18, 1976.

David K. Line, Dallas, for appellants.

Chris Harvey, Strasburger, Price, Kelton, Martin & Unis and W. Edward Walts, II, Dallas, Larry Wright, Corsicana, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellants (plaintiffs) Burtis R. Hammonds and Norma Hammonds, wife, Individually and d/b/a The Garden Center and Flower Shop, from summary judgment they take nothing against appellees (defendants) Ed Holmes, Zane Stites and Corsicana National Bank.

Plaintiffs Hammonds and wife, individually and d/b/a The Garden Center filed this case against defendants Corsicana Bank, Holmes and Stites for wrongful foreclosure of a lien secured by a deed of trust. Holmes was trustee under a deed of trust given by Hammonds and wife to Corsicana Bank covering The Garden Center property. Holmes and Stites were officers of the Bank.

Defendants moved for summary judgment plaintiffs take nothing on the ground the proceedings under which plaintiffs seek recovery of defendants have been subject of a previous lawsuit which was concluded by an Order of Dismissal with Prejudice, thus invoking the doctrine of Res Judicata in bar of plaintiffs' suit.

The trial court granted defendants' motions for summary judgment, and rendered judgment plaintiffs take nothing of defendants.

Plaintiffs (appellants) appeal on 2 points:

1) The trial court erred in granting a summary judgment in favor of Holmes and Stites, defendants, under the principles of res judicata, because said defendants are not in privity with the Corsicana National Bank, against whom the prior judgment was obtained.

2) The trial court erred in granting a summary judgment in favor of Corsicana National Bank, defendant, under the principles of res judicata, because plaintiffs are herein suing in a capacity different from that in which the prior judgment was obtained.

Burtis R. Hammonds and wife Norma Hammonds filed cause 35–25 against Corsicana National Bank asserting a cause of action for wrongful foreclosure [and other asserted torts] growing out of a $35,000 loan the Bank made to the Hammonds. The petition recites that Ed Holmes, Vice President of the Bank constituted a principal actor in the Bank's alleged actions, and further that Zane Stites is President of the Bank. Such case was settled and terminated on February 7, 1975 by Judgment of Dismissal with Prejudice. Such judgment is final.

On June 6, 1975 the instant case was filed by Burtis R. Hammonds and Norma Hammonds, wife, Individually and d/b/a The Garden Center and Flower Shop, against Ed Holmes, Zane Stites and Corsicana National Bank, alleging plaintiffs theretofore executed a $35,000 note payable to the Bank secured by a deed of trust [1]; that Ed Holmes was Trustee; that Ed Holmes wrongfully foreclosed on the deed of trust, and individually and in concert with Stites and the Bank ousted plaintiffs from the property and assumed control of the premises and The Garden Center and Flower shop business they conducted.

By the pleadings in the first case, Hammonds and wife sought recovery from the Bank for wrongful foreclosure because of the action of its agents, servants and employees, Holmes and Stites. In the pleadings of the second case Hammonds and wife seek recovery for wrongful foreclosure of Holmes and Stites for their individual actions on behalf of the Bank.

■ Res judicata is the doctrine that a right, question, or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense, cannot be further litigated in a subsequent suit between the same parties or their privies. *Davis v. First National Bank of Waco,* S.Ct., 139 Tex. 36, 161 S.W.2d 467.

■ Both the first and second suits sought recovery for an asserted wrongful

---

1. The deed of trust reflects it is the same deed of trust in the prior case.

foreclosure growing out of the lending of money by the Bank to the Hammonds. The right, question or fact to be determined in the second case is the same identical right, question and fact determined by the Judgment of Dismissal with Prejudice in the second case.

Plaintiffs (appellants) assert that both the parties plaintiff, and the parties defendant are different in the two cases.

In the first case the parties plaintiff were Burtis R. Hammonds and wife Norma Hammonds; in the second case the parties plaintiff were Burtis R. Hammonds and Norma Hammonds, wife Individually and d/b/a The Garden Center and Flower shop.

In the first case plaintiffs placed no limitation on the capacity in which they brought suit. They could have litigated in that case in any and all capacities. The rule of res judicata bars plaintiffs' action in the second action; *Ogletree v. Crates,* Tex. S.Ct., 363 S.W.2d 431; as does the doctrine of collateral estoppel; *Benson v. Wanda Petroleum Co.,* Tex.S.Ct., 468 S.W.2d 361.

In the first case the Bank was sole party defendant; in the second case the Bank and two of its officers who acted for the Bank in the asserted wrongful foreclosure were parties.

■ Holmes and Stites are officers, agents, servants, and employees of the Bank. It seems to be established law that master and servant are not joint tort feasors. *Spradley v. McCrackin,* Tex.Civ.App., NRE, 505 S.W.2d 955; *Marange v. Marshall,* NRE, Tex.Civ.App., 402 S.W.2d 236.

In *Marange* the plaintiff recovered final judgment against an employer for a tort of its employee. Later by separate suit the plaintiff sought recovery against the employee individually.

Through the doctrine of respondeat superior the court held the employer-employee to be in privity. Through the doctrine of res judicata, the court held plaintiff, by election, waiver and estoppel was barred from recovery under the doctrine of res judicata.

Holmes and Stites thus are not liable to Hammonds and wife since judgment was previously entered in the first suit against the Bank, their employer, and they are in privity with their employer.

See also, *Massoth v. Staples,* Okl.,S.Ct., 481 P.2d 141, which cites *Marange v. Marshall,* supra, with approval, and adopts the rule and reasoning of such case as the law of Oklahoma.

Plaintiffs (appellants) points are overruled.

AFFIRMED.