**Burtis R. HAMMONDS et ux., d/b/a the Garden Center and Flower Shop, Petitioners,**

v.

**Ed HOLMES et al., Respondents.**

No. B-6468.

Supreme Court of Texas.

Nov. 9, 1977.

Lockman & Line, David K. Line, Dallas, for petitioners.

Larry R. Wright, Corsicana, Strasburger, Price, Kelton, Martin & Unis, R. Chris Harvey and W. Ed Walts, II, Dallas, for respondents.

CHADICK, Justice.

The question here is the preclusive effect of a prior judgment. In the prior suit Burtis Hammonds and his wife, Norma, sued Corsicana National Bank for wrongful foreclosure of a deed of trust on their business property. That suit was resolved by a judgment of dismissal with prejudice, granted on motion of the plaintiffs Hammonds. Four months later the present suit was filed by Mr. and Mrs. Hammonds "individually and d/b/a The Garden Center and Flower Shop" against Corsicana Bank, Ed Holmes, and Zane Stites for wrongful foreclosure of the same deed of trust on the same property.

On the ground of res adjudicata the trial court granted a summary judgment for all defendants. The Court of Civil Appeals affirmed. 543 S.W.2d 20. We affirm as to the Bank and Stites but reverse and remand as to Holmes.

A statement of the traditional general principle of res adjudicata is as follows:

> [A] question of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action. *State of Oklahoma v. State of Texas*, 256 U.S. 70, 86, 41 S.Ct. 420, 422, 65 L.Ed. 831 (1920).

Without finality of judgments, litigants might face harassment by contentious adversaries and courts might generate inconsistent dispositions of the same dispute, causing confusion and wasting judicial time. Steakley and Howell, Ruminations on Res Judicata, 28 Sw.L.J. 355 (1974).

Hammonds argues that the second suit is brought in a different capacity by virtue of the claim of the partnership. The petition alleges that The Garden Center and Flower Shop is "a partnership comprised of and owned by Burtis R. Hammonds and Norma Hammonds" and "an assumed name through which Burtis R. Hammonds and Norma Hammonds transact business." There is no diversity in identity or interest of the party plaintiffs in the two suits. If the partnership is to be viewed as a separate entity, the individual partners sued as its representatives in the former suit. It is said that the "[i]dentity of parties is not a mere matter of form, but of substance." *Chicago, R. I. & P. R. Co. v. Schendel,* 270 U.S. 611, 620, 46 S.Ct. 420, 424, 70 L.Ed. 757 (1926); *National Bondholders Corp. v. Seaboard Citizens National Bank,* 110 F.2d 138, 145 (4th Cir. 1940); Restatement (Second) of Judgments § 85 (Tent.Draft No. 2, 1975).

Hammonds then argues that the former judgment is no bar to the suit against Zane Stites and Ed Holmes, who were not parties in the first suit. Zane Stites is President of Corsicana National Bank, and Ed Holmes is a Vice-President. A final judgment for or against an employer may or may not bar a second suit against an employee. See *Marange v. Marshall,* 402 S.W.2d 236 (Tex.Civ.App.1966, writ ref'd n. r. e.); Restatement (Second) of Judgments § 99 (Tent.Draft No. 3, 1976); Annot., 23 A.L.R.2d 710 (1952). It is frequently said in cases where there is a diversity of parties that the former judgment bars a second suit against all who were in "privity" with the party in the first suit. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361 (Tex. 1971). It is important to look to the claim that was litigated in the first suit as well as the relationship of the new defendant to the former one. If a plaintiff suffers a take nothing judgment or dismissal with prejudice in a suit against an employer only because the harm was due to a deed of an employee done outside the scope of his employment, the judgment should not bar suit against the employee. If the first suit was against an employee, a second suit may be brought against the employer if the cause

of action sets forth liability not entirely derivative of the liability pursued against the employee in the first suit. *Maxey v. Citizens National Bank of Lubbock,* 507 S.W.2d 722 (Tex.1974).

Plaintiffs' pleadings in these two suits differ with respect to Stites only in that he is named as a formal party in the present suit. As President of the Bank he was the actor for the Bank. He is here alleged to have ousted plaintiffs from their property "in concert" with the Bank. There is no allegation that Stites acted in any respect except as President of the Bank; we construe the petition to say that he acted only as President of the Bank. There are therefore no issues as to Stites' liability which plaintiffs have not previously litigated.

The situation is different as to Holmes. He was trustee in the deed of trust, and plaintiffs allege that he foreclosed without cause to do so and that he acted maliciously. It cannot be said as a matter of law that he acted in the foreclosure in the capacity of bank employee. The trustee has a separate capacity and is imposed with a particular legal responsibility. He must act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust. *First Federal Savings & Loan Assoc. v. Sharp,* 359 S.W.2d 902 (Tex.1962); *Fuller v. O'Neal,* 69 Tex. 349, 6 S.W. 181 (1887). The summary judgment was not justified on the strength of the former judgment and the allegations of these pleadings alone.

Plaintiffs' cause of action against Ed Holmes is severed from the cause of action against Zane Stites and Corsicana National Bank. The judgments of the courts below are affirmed as to the latter cause. In the cause of action against Ed Holmes, the judgments below are reversed and the cause is remanded to the trial court.

Dissenting opinion by McGEE, J.

McGEE, Justice, dissenting.

I respectfully dissent. Under the circumstances of this particular case, I must disa-

gree with the majority holding that Holmes may not avail himself of the doctrine of res judicata in order to preclude this action against him. I would hold that Holmes was in privity with The Corsicana National Bank.

There is no generally prevailing definition of privity; one who is in privity must be determined from the circumstances of each case. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex.1971); 46 Am.Jur.2d *Judgments* § 532 (1969). In his book concerning res judicata, Professor Vestal states that:

> [T]he term 'privity' in itself does not state a reason for either including or excluding a person from the binding effect of a prior judgment, but rather it represents a legal conclusion that the relationship between the one who is a party on the record and the nonparty is sufficiently close to afford application of the principle of preclusion.

A. Vestal, Res Judicata/Preclusion V-302 (1969).

While agreeing that Holmes could have an independent legal capacity other than as an employee, the circumstances of this case dictate that the doctrine of res judicata be applied to bar this action against Holmes as well. There may be a technical distinction between Holmes' position as an employee of the Bank and his position as trustee, but the cause of action and the relief sought are the same. As stated in *Benson v. Wanda Petroleum, supra* at 363, "privity connotes those who are in law so connected with a party to the judgment as to have an identity of interest that the party to the judgment represented the same legal right." *See also Hixon v. Kansas City*, 361 Mo. 1211, 239 S.W.2d 341 (1951); 46 Am.Jur.2d *Judgments* § 532 (1969). Further, privity does not always depend upon whether the parties constitute independent legal entities. *Cf. Lerner v. Los Angeles Board of Education*, 59 Cal.2d 382, 29 Cal.Rptr. 657, 380 P.2d 97 (Cal.1963); *Zaragosa v. Craven*, 33 Cal.2d 315, 202 P.2d 73 (Cal.1949).

The deed of trust in this case was such that Holmes foreclosed upon the instruc-

tions of the secured party who was also his employer, The Corsicana National Bank. I do not feel that Holmes' position as an employee under these circumstances is, as asserted by Hammonds, inconsequential in law to his trustee's position and responsibilities. In the prior action, it was determined as against the Bank that there was no wrongful foreclosure. Holmes was not named as a party in that action. He was, however, quite clearly designated in the petition as an agent, servant, and employee of the Bank in furtherance of the Bank's interest. Although Holmes was a trustee in a deed of trust, I feel that Holmes and The Corsicana National Bank were so closely connected in interest as employer-employee in the foreclosure action that the judgment for the Bank must also act in favor of Holmes. Therefore, I would hold that Holmes was in privity with his employer, The Corsicana National Bank, and a final judgment in favor of the Bank in the first action for wrongful foreclosure precludes a second suit against him based on the same cause of action. *See Marange v. Marshall*, 402 S.W.2d 236 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.); Restatement (Second) of Judgments § 99 (Tent. Draft No. 3, 1976).

For the reasons stated above, I would affirm the judgments of the courts below.