cv4-396.hunt 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00396-CV







Cindy Hunt, d/b/a Value Book, Appellant



v.



Austin Business Cards and Printing, Inc., Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 214,459, HONORABLE STEVE RUSSELL, JUDGE PRESIDING







PER CURIAM

 

 Cindy Hunt, d/b/a Value Book, seeks reversal of a summary judgment granted
to Austin Business Cards and Printing, Inc. against her claims under the Deceptive Trade
Practices Act. Tex. Bus. & Com. Code Ann. §§ 17.41-.854 (West 1987 and West Supp.
1995). We will reverse the trial court's judgment and remand the cause for further
proceedings.



BACKGROUND


 Hunt wished to prepare and sell coupon books. She hired ABC to print, cut,
collate, and bind the books on paper she provided. ABC subcontracted with Custom
Bookbinders, Inc. to bind the books. ABC printed the coupons three to a page and then sent
them to CBI for binding. ABC planned to retrieve the books after they were bound and cut
them into separate books.

 Instead, Hunt took the books from CBI before ABC could pick them up. Hunt
stated in her affidavit that she had learned that ABC had botched the job; some pages were
misaligned, some were erroneously perforated, others were erroneously unperforated, and the
binding was inferior. Hunt said that, because ABC had ignored her previous complaints and
requests, she picked up the books from CBI to avoid further damage rather than request
remedial action. According to Hunt's interrogatory responses, her associate said while taking
the books that Hunt accepted the books "as is"; her associate also said that Hunt was talking to
her lawyer who wanted to talk to the printers.

 Donald Kelley, d/b/a Austin Business Cards & Printing, sued CBI for
conversion of the books; the facts that Kelley sued, rather than the corporation, and that the
corporation was not named are critical factors in this case. CBI filed a third-party petition
against Hunt, claiming that she induced the release by representing that the books were her
property and that Kelley had authorized the release. Hunt denied all allegations by Kelley and
CBI and prayed that Kelley take nothing. She also requested that the court award her all relief
to which she might be entitled. The court found that the value of the finished books to the
printer was zero because too many of the books (as many as 200 out of 1,000) failed to
comply with the contract. The court awarded no damages to any party and assessed costs
against Kelley.

 Hunt then filed this suit against ABC for deceptive trade practices and breach of
contract. ABC filed a third-party action against CBI for contribution and indemnity. ABC
moved for summary judgment against Hunt based on res judicata, waiver, acceptance, and
breach of contract. Though Hunt alleges that the court wrote a letter stating that it would
grant the second motion based on res judicata, the judgment is silent as to its basis. The court
ruled that Hunt and ABC take nothing from their defendants.


DISCUSSION

 Hunt raises two points of error against the judgment. By the first, she contends
that the court erred by granting the motion based on res judicata. By the second, she contends
that the court erred if it granted the motion on any other basis.

 We review the record, taking all evidence favorable to the nonmovant as true and
construing every inference and doubt in her favor, to see if no genuine issue of material fact exists
and if the movant is entitled to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Because the
judgment does not state its basis, we must affirm if any of the bases of the motion supports the
judgment. Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).



Res judicata

 Hunt contends that res judicata does not support the judgment because she had not
previously been a party to any lawsuit to which ABC or anyone privy to her cause of action
against ABC was also a party. ABC replies that her claims are barred because the claims in this
suit arose out of the same subject matter as the previous suit in which Hunt and ABC (and its
privies) were adverse parties.

 Texas has adopted the transactional approach to evaluating the preclusive effect of
prior lawsuits. Getty Oil Co. v. Insurance Co. of N. Am., 845 S.W.2d 794, 798-99 (Tex. 1992);
Barr v. Resolution Trust Corp., 837 S.W.2d 627, 630-31 (Tex. 1992). A judgment in an earlier
suit "precludes a second action by the parties and their privies not only on matters actually
litigated, but also on causes of action or defenses which arise out of the same subject matter and
which might have been litigated in the first suit." Id. at 630. The court said the adoption of this
standard imposed no more hardship than the extant rule on compulsory counterclaims. Tex. R.
Civ. P. 97(a); Barr, 837 S.W.2d at 631. The dispute in this case is limited to whether the
plaintiff in the first case was a privy of ABC for res judicata purposes.

 We have no black-letter, all-inclusive definition of privity. Getty, 845 S.W.2d at
800. The term includes those who are so connected with a party to the judgment as to have such
an identity of interest with that party that the party represented the same legal right. Benson v.
Wanda Petroleum Co., 468 S.W.2d 361, 363 (Tex. 1971). Those in privity can include persons
who exert control over the action, persons whose interests are represented by a party, and
successors in interest to a party. Getty, 845 S.W.2d at 800-01.

 A pre-Barr case, Hammonds v. Holmes, shows how factual differences can produce
different findings on privity. 559 S.W.2d 345 (Tex. 1977). Burtis and Norma Hammonds filed
suit individually and d/b/a their business partnership against Corsicana National Bank, Ed
Holmes, and Zane Stites for wrongful foreclosure of a deed of trust on the Hammondses' business
property. In a previous suit, the court had dismissed with prejudice the same claim by the
Hammondses individually against the bank. Id. at 346. The trial court in the second suit granted
summary judgment to all defendants based on res judicata. The appeals court likewise rejected
the appellants' claim that the plaintiffs in the two suits were different; the court held that, even
if the partnership was viewed as a separate entity, the partners sued as its representatives in the
first suit. Id. at 347. The court also held that, because the plaintiffs alleged wrongdoing by Stites
only in his official capacity as bank president, the former judgment barred litigation of that claim
against him. The court reversed the judgment favoring Holmes because the plaintiffs alleged
wrongdoing in his role as trustee aside from his role as bank vice president; the court held that
this different role prevented the court from finding as a matter of law that he acted only as an
agent of the bank. Id.

 ABC contends that the assignment supports the implicit finding that Donald Kelley,
d/b/a Austin Business Cards and Printing was a privy of Austin Business Cards and Printing, Inc.
for res judicata purposes. ABC points to testimony from the trial of the first suit in which ABC
vice president Keith Kelley said that ABC had assigned its claim against CBI to Donald Kelley
(Keith's father and owner of forty percent of ABC's stock), that Donald Kelley was "backing the
loss," and that Donald Kelley was pursuing the "legal rights" of the corporation even though the
suit should have been, but was not, in the corporation's name. No written assignment is in the
record.

 ABC's evidence did not eliminate all dispute because it did not clearly define the
breadth of the assignment. The assignment might have been, as Hunt argues, for the limited
purpose of collecting damages from CBI. In that instance, Donald Kelley would not have been
liable for the damages Hunt seeks in this suit. Neither would his status as a stockholder affect this
result because the corporate structure ordinarily shields stockholders from this type of liability. 
See Tex. Bus. Corp. Act Ann. art. 2.21 (West Supp. 1995). The evidence did not establish that
the corporate veil should be pierced. Under this scenario, Hunt was not required to have pleaded
her related causes of action in the first suit against the non-party ABC. See Tex. R. Civ. P. 38. 
Construing the evidence and inferences favorably to Hunt, we find that a genuine issue of fact
persists over Donald Kelley's privy status.

 Because it is unclear that Donald Kelley was ABC's privy, it is unclear that res
judicata bars this suit. Summary judgment on the basis of res judicata was erroneous. We sustain
point one.



Other bases of the motion

 By point of error two, Hunt contends that the summary judgment was erroneous
if based on any of the remaining grounds of the motion--waiver, acceptance, and breach of
contract. ABC contends that Hunt's admissions in response to requests for admissions
conclusively establish these other grounds. See Tex. R. Civ. P. 169(2).

 We evaluate the evidence against general contract law. Waiver is the intentional
relinquishment of a known right or intentional conduct inconsistent with claiming that right. Sun
Exploration & Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987). A party who accepts and
uses something made pursuant to a contract cannot ordinarily prevail on a claim that the work is
worthless; however, mere acceptance and use of the product does not necessarily waive the right
to recover for faults in the product. See Ketchey v. West, 326 S.W.2d 40, 42 (Tex. Civ.
App.--Dallas 1959, no writ). If one party to a contract prevents another from performing the
contract, the preventing party cannot recover for the prevented's failure to perform. L.H. Land
Painting Co. v. S&P Constr., Inc., 516 S.W.2d 14, 16 (Tex. Civ. App.--Fort Worth 1974, writ
dism'd). But, where promises have been exchanged for mutual performance, a party that commits
a breach of such materiality as to indicate an intent to breach the contract thereby discharges or
excuses the other party from its obligation to perform. Bernal v. Garrison, 818 S.W.2d 79, 86
(Tex. App.--Corpus Christi 1991, writ denied) (citing Glass v. Anderson, 596 S.W.2d 507, 511
(Tex. 1980)).

 Hunt's discovery responses do not show the absence of a fact issue, especially when
they are paired with her affidavit. Her statements in her affidavit do not necessarily contradict
her admissions; instead, they can be interpreted to flesh out the admissions in ways that
demonstrate fact issues. She admitted that she took the coupon books from CBI before they were
finished and without ABC's permission, depriving ABC of the opportunity to complete the
project. She also said that, though her agent said she took the books "as is," he also said that she
was talking to her lawyer, who wanted to talk to Donald Kelley. Hunt said in her affidavit that
she took the books only after ABC's poor performance had damaged the books irreparably. She
said that the books were rife with misperforations and other errors. She said that, because ABC
had ignored her previous complaints, she took them to prevent further damage.

 The evidence shows genuine issues of material fact as to whether Hunt accepted
the books intending to waive any defects or warranties and whether her termination of the project
was predated by a breach of the contract by ABC that rendered proper completion impossible. 
We sustain point two.



CONCLUSION


 Having sustained both points of error, we reverse the summary judgment of the
trial court. We remand the cause for further proceedings.


Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: May 3, 1995

Do Not Publish