Michael **CLAUER** and Maflorence **Clauer**

v.

**HERITAGE LAKES HOMEOWNERS ASSOCIATION, INC., Mark C. DiSanti, Steeplechase Productions, L.L.C., Jad I. Aboul–Jibin.**

**Case No. 4:09–cv–560.**

United States District Court, E.D. Texas, Sherman Division.

June 30, 2010.

Barbara Thompson Hale, Blanset Sutherland Hooper & Hale, LLP, Addison, TX, for Michael Clauer and Maflorence Clauer.

D. Craig Brinker, Patrick Wayne Whitaker, Henslee Schwartz, George Roland Love, Jason T Whitcomb, Winstead PC, Dallas, TX, Trenton Eugene Wright, Jason Lewis Wright, Wright Law PC, Denton, TX, for Heritage Lakes Homeowners Association, Inc., Steeplechase.

Mark C. DiSanti, Dallas, TX, pro se.

*MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

MICHAEL H. SCHNEIDER, District Judge.

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 15, 2010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Third–Party Defendant Vinay B. Patel's Second Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim be denied.

The Court, having made a *de novo* review of the objections raised by Third–Party Defendant, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that Third–Party Defendant Vinay B. Patel's Second Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. # 43) is DENIED.

**IT IS SO ORDERED.**

*REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

AMOS L. MAZZANT, United States Magistrate Judge.

Pending before the Court is Third–Party Defendant Vinay B. Patel's Second Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. # 43). After considering the relevant pleadings, the Court finds that the motion should be denied.

**Background**

In 2004, Maflorence Clauer's parents, Zosimo and Felicidad Cabulisan, purchased a home located at 3923 West Crescent Way, Frisco, Texas (the "Property"). The Property was purchased with cash and was mortgage free. The Property is valued in excess of $300,000. On October 3, 2006, an unspecified interest in the Property was transferred to Mrs. Clauer by her parents as her sole and separate property. Plaintiff Michael Clauer ("Captain Clauer") and Maflorence Clauer ("Mrs. Clauer") are husband and wife. The Clauers lived at the Property continuously since their move-in in 2004. Captain Clauer was ordered by the U.S. Army National Guard to active duty in support of Operation Iraqi Freedom on February 15, 2008, and released from active duty on October 9, 2009. His active duty was continuous throughout the period from February 15, 2008, through October 9, 2009.

The Property is located in the Heritage Lakes development and subject to the deed restrictions and covenants of the Heritage Lakes Homeowners Association ("HOA"). At the time of Captain Clauer's deployment, the Clauers were delinquent in their HOA assessments. On February 14, 2008, the HOA sent a certified letter to the Clauers making a final demand for payment for the sum of $1,858.83. The letter stated that if payment in full was not received by March 17, 2008, the home would be posted for foreclosure.

The Clauers assert that due to the stress of Captain Clauer's deployment, Mrs. Clauer did not claim the certified letters. On April 9, 2008, the HOA sent separate foreclosure notices to each of the Clauers via certified mail. Mrs. Clauer asserts that she was suffering from severe anxiety and depression caused by her husband's deployment. The Property was allegedly purchased at the foreclosure sale

by Mark DiSanti and Steeplechase Productions, L.L.C. ("Steeplechase"). Notice of a right of redemption after foreclosure was sent to the Property on May 12, 2008. Mrs. Clauer did not claim the certified letter.

Mrs. Clauer asserts that she did not obtain actual knowledge of the foreclosure sale until June 2009. In June 2009, Defendant Jad Aboul–Jibin ("Aboul–Jibin") sent a letter to the Clauers demanding rent. In August 2009, Aboul–Jibin sent an eviction notice. On the same day, DiSanti conveyed the Property to Aboul–Jibin.

On October 6, 2009, Aboul–Jibin filed a forcible entry and detainer action against Mrs. Clauer which is pending in the Justice Court, Precinct 2 of Denton County, Texas. Plaintiffs then filed this case in the Probate Court of Denton County, Texas, under the special jurisdiction granted to the Denton County Probate Court pursuant to Section 25.0635 of the Texas Government Code. A Temporary Restraining Order enjoining the forcible entry and detainer was entered. Plaintiffs asserted claims against Defendants for a declaratory judgment that the Plaintiffs are entitled to the protections afforded under the Servicemembers Civil Relief Act (the "SCRA"), 50 App. U.S.C. § 501 *et seq.* and for wrongful foreclosure.

On November 16, 2009, Aboul–Jibin filed a Notice of Removal based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. On December 10, 2009, Plaintiffs filed a motion to remand. On January 14, 2010, the Court issued its report and recommendation denying the motion to remand. The report and recommendation was adopted without objection on February 3, 2010, 2010 WL 446545.

On December 1, 2009, Aboul–Jibin filed a Third–Party Complaint against Vinay B. Patel ("Patel") asserting claims for negligence and negligent misrepresentation. On February 1, 2010, Patel filed his first motion to dismiss. On February 25, 2010, the Court denied the motion as moot and ordered Aboul–Jibin to file an amended pleading. On March 11, 2010, Aboul–Jibin filed an Amended Third–Party Complaint. On March 25, 2010, Patel filed his Second Rule 12(b)(6) motion to dismiss. On April 9, 2010, Aboul–Jibin filed a response. On April 19, 2010, Patel filed a reply. On April 27, 2010, Aboul–Jibin filed a sur-reply.

## Standard of Review

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiffs complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir.2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez,* 577 F.3d at 603 (quoting *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence off the necessary claims or elements.'" *Morgan v. Hubert*, 335 Fed.Appx. 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

### Analysis

Patel's Rule 12(b)(6) motion is based upon the following grounds: (1) whether Aboul–Jibin can maintain a negligence claim against Patel when Aboul–Jibin has failed to allege any facts to support imposition of a duty against Patel; and (2) whether Aboul–Jibin's negligent misrepresentation claim fails because, as a matter of law, he is not a person or a member of a limited group of persons to whom Patel intended to receive and rely on the information contained in Patel's affidavit, thus warranting dismissal.

In his First Amended Third–Party Complaint, Aboul–Jibin asserted negligence and negligent misrepresentation claims against Patel. Aboul–Jibin asserts that Patel has the duty of care to subsequent purchasers of the Property to exercise ordinary care in connection with the foreclosure of the Property. Aboul–Jibin argues that Patel was acting in his capacity as a trustee and as an affiant when he foreclosed the Property, executed the Patel Affidavit in support of the foreclosure, and caused the Patel Affidavit to be filed in the public records. Aboul–Jibin asserts that Patel had a trustee's duty and knowingly and intentionally took a legal duty to Aboul–Jibin and other potential purchasers of the Property to ensure that the information contained in the Patel Affidavit was true and correct and within his personal knowledge.

Patel executed the Affidavit as to Notice of Foreclosure Sale and Military Status in support of the foreclosure. The Patel Affidavit states:

> To the knowledge of the Affiant, [Mrs. Clauer, Mr. Clauer, and Mrs. Clauer's parents]: (i) were not on active duty in any branch of the Armed Forces of the United States as of the 6th day of May, 2008; (ii) were not on active duty in any branch of the Armed Forces of the United States during the ninety (90) days immediately preceding said date; (iii) and if the current obligors were in any branch of the Armed Forces of the United States, that they were not in military service at the time this obligation was incurred . . .

Aboul–Jibin asserts that in the event Plaintiffs prevail on their claims against him, Patel is liable to Aboul–Jibin for negligence and negligent misrepresentation.

Patel first asserts that he did not owe any duty to Aboul–Jibin and the negligence claim must be dismissed. Specifically, Patel asserts that there is no duty placed upon a trustee to a subsequent purchaser. Aboul–Jibin relies upon a series of cases to support his position that Patel owed a duty as a trustee. *See Hammonds v. Holmes*, 559 S.W.2d 345 (1977); *Peterson v. Black*, 980 S.W.2d 818 (Tex. App.-San Antonio 1998, no pet.); *Beard v. Aurora Loan Services*, No. C.A. C–06–1142, 2006 WL 1350286 (S.D.Tex. May 17, 2006). These cases stand for the proposition that trustees have a separate capacity. However, the cases cited by Aboul–Jibin

are not factually similar to the situation in this case.

 "A trustee exercising the authority to foreclose in accordance with the terms of a deed of trust does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility." *Peterson*, 980 S.W.2d at 822 (citing *Hammonds*, 559 S.W.2d at 347). "The trustee becomes a special agent for both the debtor and the lienholder and must act with absolute impartiality and fairness in conducting a foreclosure." *Id.* (citing *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex.App.-Corpus Christi 1996, no writ)). "Similar to the duties of a mortgagee, the trustee must conduct a foreclosure sale fairly and not discourage bidding by acts or statements made before or during the sale." *Id.* (citation omitted). "However, the trustee has no duty to take affirmative actions beyond that required by statute or the deed of trust to ensure a fair sale." *Id.* (citing *First State Bank v. Keilman*, 851 S.W.2d 914, 924 (Tex.App.-Austin 1993, writ denied)); *Pentad Joint Venture v. First Nat. Bank of La Grange*, 797 S.W.2d 92, 96 (Tex.App.-Austin 1990, no writ). "A trustee's duties are fulfilled by complying with the deed of trust." *Id.* (citing *First State Bank v. Keilman*, 851 S.W.2d at 925). The trustee does have a duty, however, to "strictly comply" with terms of the deed of trust as well as the notice and sale provisions of § 51.002 of the Texas Property Code. *Beard*, 2006 WL 1350286 *7 (citation omitted).

Patel cites the Court to *Diversified, Inc. v. Gibraltar Sav. Assn.*, 762 S.W.2d 620, 622 (Tex.App.-Houston [14th Dist.] 1988, writ denied) and *Diversified, Inc. v. Walker*, 702 S.W.2d 717, 722 (Tex.App.-Houston [1st Dist.] 1986, writ refs n.r.e.) to support his claim that he owed no duty to a purchaser. Patel cites these cases for the proposition that "a trustee owes no duty to

a purchaser and, therefore, the purchaser cannot maintain a negligence cause of action." In *Gibraltar*, Diversified, Inc. purchased a piece of property at a foreclosure sale from Gibraltar Savings Association (the "Association"). The Association was the lienholder and Diane Smith was the Association's attorney and the substitute Trustee who conducted the sale. The day after the sale was concluded, the trustee executed and delivered a Substitute Trustee's Deed purportedly conveying the property to Diversified. However, the same day, the Association discovered that the property was improperly foreclosed upon. The trustee attempted to contact Diversified to inform it that the sale was invalid. Diversified brought suit against the Association and the Trustee, as well as the Trustee law firm, alleging a negligence claim. The trial court granted summary judgment, dismissing the negligence cause of action. On appeal, the Court of Appeals affirmed the decision to dismiss the negligence claim against all defendants. The Court of Appeals relied upon *Diversified v. Walker* and held that there was no duty to support the negligence claims.

Patel also relies upon *Walker*. In *Walker*, the Court of Appeals found that there was no duty on the part of the lienholder. Aboul–Jibin asserts that both cases cited by Patel are distinguishable. It is argued that, in *Walker*, there were no claims against the trustee. Aboul–Jibin also argues that the decisions have not found that a purchaser ·can never bring a negligence claim against a trustee.

 After reviewing the cases cited by the parties on this issue, the Court finds that none of the cases appear to resolve the issue of whether a trustee has a duty to a subsequent purchaser. Although the cases relied upon by Patel do assert in a conclusory fashion that there is no duty, neither of the cases involves the same fact

situation and neither case states that there can never be a duty. It seems plausible that a purchaser could assert a negligence claim against a trustee who swore to facts in an affidavit that were false and which affected the status of the property's title, and made the affidavit of public record for potential purchasers to rely upon. In *Gibraltar,* there is no allegation of a false affidavit, and the trustee simply followed the orders to foreclose on the property in question. In this case, Patel took the affirmative step of either incorrectly checking or not checking the status of Captain Clauer's military status and then making an affirmative statement regarding that status that has been alleged to be false.[1] For purposes of the Rule 12(b)(6) motion, the Court finds that Aboul–Jibin has stated a plausible negligence claim against Patel.

■■■■ Patel also moves to dismiss Aboul–Jibin's claim for negligent misrepresentation. To recover under Texas law for negligent misrepresentation, Aboul–Jibin must prove that (1) the defendant made a representation in the course of his business, or in a transaction in which he had a pecuniary interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 318 (5th Cir.2002) (citations omitted). For Aboul–Jibin to successfully plead a claim for negligent misrepresentation, he must allege facts that he was a "person, or a member of a 'limited group' of persons, for whose benefit and guidance the defendant either intends to supply the

information or knows that the recipient intends to supply it." *Id.* at 319 (quoting *Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.,* 81 F.3d 606, 612 (5th Cir.1996)). "This is because '[t]he Restatement expressly limits liability to a select group of nonclients who the misinformer actually knows will receive inaccurate information ....'" *Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.,* 346 F.3d 530, 535–36 (5th Cir.2003) (quoting *First Nat'l Bank of Commerce v. Monco Agency Inc.,* 911 F.2d 1053, 1061 (5th Cir. 1990)). "The fact that it was merely possible or foreseeable that a nonclient of the information supplier would rely on the information is insufficient." *Id.* at 535–36 (citations omitted).

Patel asserts that Aboul–Jibin's negligent misrepresentation claim should be dismissed because he cannot allege facts sufficient to show that he is a person or a member of a limited group of persons for whose benefit and guidance Patel intended to supply information. Patel asserts that Aboul–Jibin's "sweeping claims that Patel's liability extends to any and all persons who may be potential purchasers of the property" are insufficient as a matter if law. Patel asserts that liability is limited to the limited group whom the information supplier has actual knowledge that the person will receive and rely on the information. Patel also asserts that courts have rejected application of a simple foreseeability test. Patel argues that Aboul–Jibin was an unknown potential purchaser in a pool of unlimited potential purchasers.

Aboul–Jibin argues he was clearly within the group or class of persons whom Patel intended to rely on the information contained in the Patel Affidavit. "When Patel executed the Patel Affidavit and

---

1. Although Patel does assert that he did conduct a check on Captain Clauer's military status, these allegations in the brief are not considered in deciding this Rule 12(b)(6) motion.

made it of public record, he intended, or had 'manifest awareness,' that the information contained in the affidavit would be relied upon by subsequent purchasers of the Property." Aboul–Jibin asserts that it was not just foreseeable that a subsequent purchaser would rely upon the representations in the Affidavit, but rather it was intended and expected that a subsequent purchaser would rely on the representations. Aboul–Jibin points out that the Affidavit executed by Patel could have had no other purpose other than for a purchaser to rely upon it. After being recorded in the public records, it affected the status of the Property's title.

Although it is uncontested that Patel did not know Aboul–Jibin at the time of execution of the Affidavit, Patel's reason for completion of the Affidavit would be to influence a group of persons that were potential purchasers to let them know that the requirements of SCRA were satisfied. Neither party cites the Court to cases that address this situation. None of the cases address facts where it is alleged that a trustee swore to facts in an affidavit that were false, which affected the status of a property title and were made part of the public record for potential purchasers to rely upon. Patel asks the Court to adopt a bright line rule that a potential purchaser could never be part of a limited group for purposes of a negligent misrepresentation claim. Analyzing Texas law, the Fifth Circuit previously indicated that they were not suggesting "that a potential purchaser [could] never be a member of a 'limited group' ... *Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 614 (5th Cir.1996). The Court finds that Patel has failed to establish that Aboul–Jibin's claim is not plausible. Aboul–Jibin has sufficiently pleaded facts that a negligent misrepresentation claim would be plausible against Patel.

## RECOMMENDATION

It is recommended that Third–Party Defendant Vinay B. Patel's Second Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. # 43) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988).