Opinion issued August 9, 2012



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00045-CV

———————————

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ENCORE CREDIT CORP. D/B/A ECC CREDIT CORPORATION OF TEXAS, Appellant**

**V.**

**KHYBER HOLDINGS, L.L.C., Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-76642**

---

## MEMORANDUM OPINION

Appellant Mortgage Electronic Systems, Inc. as nominee for Encore Credit

Corp. d/b/a ECC Credit Corporation of Texas ("MERS") brings this restricted

appeal from a default judgment in favor of Khyber Holdings, L.L.C., which declared void a deed of trust. MERS argues that error is apparent on the face of the record. We reverse the judgment and remand the case for further proceedings.

## Background

Khyber Holdings sued MERS to quiet title and declare void a deed of trust allegedly held by MERS. The petition alleged that Khyber Holdings was the owner of a certain tract of land located in Harris County. It further alleged that "Mortgage Electronic Registration Systems, Inc. as nominee for ECC Credit Corp. d/b/a Credit Corporation of Texas accepted and caused to be recorded one certain Deed of Trust . . . purporting to create a lien for security purposes on Plaintiff's property." The petition continued as follows:

> 5. <u>Invalidity of Defendant's Claim</u>. The Deed of Trust under which Defendant is asserting an interest that interferes with Plaintiff's title, although appearing valid on its face, is in fact unenforceable and of no force or effect. Plaintiff will show that Defendant or its successors or assigns does not have possession of the original Real Estate Lien note that is secured by a Deed of Trust. It is settled Texas law that unless an entity that claims to be a holder of the note is the original note holder, an assignee, transferee or successor-in-interest and has actual possession of the original note, then the underlying security is unenforceable.
>
> . . . .

2

7.     Request for relief.

Plaintiffs [*sic*] request that Defendant be cited according to law to appear and answer and that Plaintiff have judgment as follows:

(a)     Declaring that the Deed of Trust is invalid and unenforceable, ordering that; they [*sic*] be removed from the title to the property made the subject of this litigation and quieting title in the Plaintiff.

(b)     Awarding the Plaintiff judgment against the Defendants for attorney's fees and costs of suit, together with such other and further relief to which Plaintiff may be justly entitled.

The Texas Secretary of State certified that copies of the citation and original petition were forwarded by certified mail to MERS's Florida address and that a return receipt bearing MERS's stamp was received. However, MERS did not answer the petition or otherwise appear.

Almost six months after the deadline for filing MERS's answer had passed, Khyber Holdings filed a motion requesting a default judgment. The motion reiterated the allegation that MERS's deed of trust, "although appearing valid on its face, is in fact invalid and of no force or effect because Defendant or its successors or assigns does not have possession of the original Real Estate Lien note that is secured by a Deed of Trust." The trial court signed without alteration Khyber Holdings's proposed default judgment that quieted title in Khyber Holdings, declared the deed of trust "void and of no force or effect," and removed

3

the deed of trust from the property title. After the default judgment was signed, MERS timely filed its notice of restricted appeal.

## Analysis

On appeal, MERS contends that error is apparent on the face of the record because the facts that were admitted by the default do not establish that the deed of trust is invalid or unenforceable. Khyber Holdings's petition alleged that the deed of trust was unenforceable and of no force or effect, and it specifically alleged that MERS or its successors or assigns did not have possession of the original note secured by the deed of trust. MERS argues that Texas law permits a party not in possession of a note to enforce that note in many circumstances, such as when the note is lost, stolen, or destroyed, or when one acts as the common-law agent of another who is in possession of the note. *See* TEX. BUS. & COM. CODE ANN. § 3.309 (West Supp. 2011) (providing conditions for enforcing non-possessed negotiable instruments); *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 864 (Tex. App.—Dallas 2005, no pet.) (observing that "under certain circumstances, common law principles of agency allow enforcement of a note by one not in possession"). MERS also argues that the relief obtained by Khyber Holdings precludes the true possessor of the note from enforcing the deed of trust and that such relief was not supported by the petition. In response, Khyber Holdings appears to argue that upon the default judgment, its allegation that MERS does not

4

have possession of the original note was admitted as true. At that point, according to Khyber Holdings, the burden shifted to MERS to prove the requirements for enforcing lost, destroyed, or stolen instruments, but MERS's failure to appear meant that it did not meet this burden.

Generally, if the time by which a defendant is required to answer has passed and the defendant has not filed an answer, the plaintiff may take judgment by default. *See* TEX. R. CIV. P. 239. A defendant who did not participate in the hearing that resulted in the adverse default judgment may file a notice of restricted appeal within six months after the default judgment is signed. *See* TEX. R. APP. P. 26.1(c) & 30. A party challenging the default judgment can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Ins. Co. of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam). The only matter at issue in this restricted appeal is the fourth: whether error is apparent on the face of the record. The face of the record consists of all the papers on file in the appeal, including the statement of facts. *Norman Commc'ns. v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

5

"Once a default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except the amount of damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). It is error to render default judgment when (1) the petition or other pleading of the non-defaulting party seeking relief does not attempt to state a cause of action that is within the jurisdiction of the court, (2) the petition or pleading for affirmative relief does not give fair notice to the defendant of the claim asserted, or (3) the petition affirmatively discloses the invalidity of such claim. *Stoner*, 578 S.W.2d at 685.

In its restricted appeal, MERS analyzes Khyber Holdings's petition as one which attempts to state a claim to quiet title. Any deed, contract, judgment, or other instrument not void on its face that purports to convey an interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner. *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). To prevail in a suit to quiet title, the plaintiff must prove (1) his right, title, or ownership in real property, (2) that the defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title, and (3) that the defendant's claim or encumbrance is invalid. *See Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42

(Tex. App.—Houston [1st Dist.] 2011, no pet.); *Hahn*, 321 S.W.3d at 531. MERS challenges the third element of a suit to quiet title: whether the facts admitted by the default render the deed of trust invalid. *See Gordon*, 352 S.W.3d at 42.

In response to MERS's interpretation of Khyber Holdings's petition as stating a claim to quiet title, Khyber Holdings responds that it in fact brought a trespass to try title action. "A trespass to try title action is the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE ANN. § 22.001(a) (West 2000). To prevail in such an action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). The plaintiff must prevail on the superiority of his own title, not on the weakness of the defendant's title. *Id.*

We review the factual allegations contained in Khyber Holdings's pleadings and the type of relief sought to determine the nature of its claim. *See Newsom v. Brod*, 89 S.W.3d 732, 734 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Khyber Holdings's petition alleged that MERS was "asserting an interest" under the deed of trust, and it sought a judgment declaring that the deed of trust "be removed from the title to the property" and "quieting title in the Plaintiff." Thus, we will treat the petition as purporting to state a claim to quiet title rather than a trespass to try title

action because Khyber Holdings did not allege that MERS was asserting title to the property and its requested relief was the removal of an encumbrance on the property title. *See id.*; *Gordon*, 352 S.W.3d at 42.

In this case, Khyber Holdings's petition alleged that the deed of trust is "unenforceable and of no force or effect," and it provided a specific basis for the alleged unenforceability: "[MERS] or its successors or assigns does not have possession of the original Real Estate lien note that is secured by a Deed of Trust." The question before this court is whether the deed of trust can be held invalid because MERS, or its successors or assigns, does not have possession of the original note.

When a debt is memorialized by a note and a lien, the note and the lien constitute two separate bundles of rights and obligations. *See Stephens v. LPP Mortgage, Ltd.*, 316 S.W.3d 742, 747 (Tex. App.—Austin 2010, pet. denied). In Texas, deeds of trust are frequently used as security instruments in the nature of a mortgage. *Stephenson v. LeBoeuf*, 16 S.W.3d 829, 836 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). The deed of trust confers on a deed trustee the power to sell the property pledged in the deed, without judicial supervision, in accordance with the terms of the deed. *See* TEX. PROP. CODE. ANN. § 51.0074 (West Supp. 2011); *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1982); *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996,

8

no writ).  A deed trustee may be a different person or entity than the secured party to whom the debt is owed.  *See Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977); *compare* TEX. PROP. CODE. ANN. § 51.0001(4) (West Supp. 2011) (defining "mortgagee"), *with* TEX. PROP. CODE. ANN. § 51.0001(7), (8) (defining "substitute trustee" and "trustee").

Khyber Holdings's petition alleged that MERS was "asserting an interest" under the deed of trust, but that the deed of trust was "in fact unenforceable and of no force or effect" because "MERS or its successors or assigns does not have possession of the original Real Estate Lien Note that is secured by a Deed of Trust."  However, the note and the deed of trust are separate bundles of rights and obligations, and the deed trustee, who has the power of sale, need not be the same person or entity to whom the underlying debt is owed.  *See Hammonds*, 559 S.W.2d at 347; *Stephens*, 315 S.W.3d at 747.  Thus, the fact that a party "asserting an interest" under the deed of trust does not possess the corresponding note does not invalidate the deed of trust, which is enforceable according to its terms.  *See* TEX. PROP. CODE. ANN. § 51.0074; *Houston First Am. Sav.*, 650 S.W.2d at 768; *Bonilla*, 918 S.W.2d at 21.  Since MERS's non-possession of the note is the sole basis on which Khyber Holdings alleged that the deed of trust was void and that basis has no legal foundation, Khyber Holdings's suit to quiet title fails with

9

respect to an essential element.  *See Gordon*, 352 S.W.3d at 42; *Hahn*, 321 S.W.3d at 531.

We hold that error is apparent on the face of the record because Khyber Holdings's petition affirmatively discloses the invalidity of its suit to quiet title. *See Stoner*, 578 S.W.2d at 685.  Accordingly, we sustain MERS's second issue. Because of our resolution of this issue, we need not address MERS's first issue, which argues that the petition is also defective for failure to allege the superiority of Khyber Holdings's title.

### Conclusion

We reverse the judgment of the trial court and remand the case for further proceedings.



Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.