**WAMCO XXVIII, LTD., Plaintiff,**

v.

**CASA GRANDE COTTON FINANCE COMPANY; Chickasha Cotton Oil Company; and Michael D. Hicks, Substitute Trustee, Defendants.**

**Civil Action No. 5:03–CV–331–C.**

United States District Court,
N.D. Texas,
Lubbock Division.

Feb. 25, 2004.

Chad Smith, Greak & Smith, Lubbock, TX, for Plaintiff.

Fernando M. Bustos, Angela B. Poulson, McCleskey Harriger Brazill & Graf, Lubbock, TX, for Defendant.

## *ORDER*

CUMMINGS, District Judge.

On this date the Court considered Plaintiff WAMCO XXVIII, LTD.'s ("WAMCO") Motion to Remand filed on January 28, 2004. The Court further considered Defendant Michael D. Hicks's ("Defendant Hicks") Motion to Dismiss pursuant to Texas Property Code section 51.007 filed on February 3, 2004. Having considered all the relevant arguments and evidence, the Court is of the opinion that Defendant

Michael D. Hicks's Motion to Dismiss should be **GRANTED** and Plaintiff WAMCO's Motion to Remand should be **DENIED**.

WAMCO filed suit on November 13, 2003, in the 286th Judicial District Court in and for Hockley County, Texas, against Defendants, Casas Grande Finance Company ("Casa Grande"), Chickasha Cotton Oil Company ("Chickasha"), and Hicks in his capacity as substitute trustee. On December 29, 2003, Casa Grande and Chickasha removed the case to this Court alleging fraudulent joinder of Defendant Hicks. Also on December 29, 2003, Hicks filed his verified original answer asserting that he was named solely in his capacity as substitute trustee under a deed of trust. WAMCO filed its Motion to Remand on January 28, 2004. Defendants filed a Response on February 17, 2004. Defendant Hicks filed his Motion to Dismiss on February 3, 2004, stating that dismissal is proper under Texas Property Code section 51.007. WAMCO failed to file a response by the due date of February 23, 2004.

■ Texas Property Code section 51.007(a) provides that a trustee may plead in the answer that the trustee is not a necessary party. *See* Tex. Prop.Code Ann. § 51.007(a) (Vernon Supp.2004). That same section requires the denial to be verified and state the trustee's reasonable belief that he was named as a party solely in his capacity as a trustee. *Id.* Section 51.007 also provides that a verified response to the trustee's verified denial is due within 30 days. *See* § 51.007(b). Should a party fail to make the verified response or objection within the 30–day time frame, then the trustee shall be dismissed from the suit or proceeding without prejudice. *See* § 51.007(c). As stated above, Defendant Hicks filed his verified Original Answer on December 29, 2003, which contained an assertion by Hicks that in his reasonable belief he was named solely in his capacity as substitute trustee. The Court finds that more than 30 days have elapsed since Hicks filed his verified Original Answer. The Court further finds that WAMCO failed to file any verified response to Defendant Hicks's Original Answer containing his verified denial. Thus, pursuant to Texas Property Code Annotated § 51.007(c), the Court hereby **DISMISSES** Defendant Hicks without prejudice from this lawsuit based on WAMCO's failure to timely file a verified response to Defendant Hicks's verified Original Answer. WAMCO has provided no basis for the Court to hold that Defendant Hicks is a necessary party.

■ In the alternative, though not necessary to address because of the Court's finding pursuant to section 51.007, Defendants Casa Grande and Chickasha also alleged that the statute of limitations on the conversion claim against Defendant Hicks had run out almost 9 months prior to the filing of this suit. For the sake of thoroughness and completeness, the Court will address Defendants' limitations argument. Plaintiff did not file suit until November 13, 2003, almost 2 years and 9 months after the foreclosure sale that occurred on February 6, 2001. Defendants allege that the "discovery rule" is inapplicable to the facts of this case. The foreclosure sale deed was filed for record on February 6, 2001, and recorded in the Official Public Records of Real Property of Hockley County, Texas, on February 13, 2001. *See* Def.App. pp. 10–16; Exhibit M of WAMCO's Original Petition. Texas allows such a recording to provide notice of the existence of the foreclosure sale deed. Tex. Prop.Code Ann. § 13.002 (Vernon 2003). Texas courts have held that real property records can constitute constructive notice. *HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 887 (Tex.1998). This creates an irrebuttable presumption

of actual notice. *Id.* The foreclosure deed was recorded and WAMCO had record notice of the sale. Therefore, the discovery rule does not excuse WAMCO from exercising reasonable diligence in protecting its own interest and advancing a conversion claim within the applicable 2–year statute of limitations. Thus, the Court finds that WAMCO cannot assert a claim for conversion against any of the Defendants, including Defendant Hicks. The only claim asserted against Hicks was for conversion. Defendant Hicks was therefore fraudulently joined. *See Ross,* 344 F.3d at 461.

The Court further finds that as to Defendant Hicks, there is no reasonable possibility of recovery against him. *See Travis v. Irby,* 326 F.3d 644, 648 (5th Cir.2003) ("If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical.") (italics omitted; citation omitted). When a plaintiff is unable to establish a cause of action against a non-diverse defendant, the non-diverse defendant has been fraudulently joined. *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 461 (5th Cir.2003). The Court finds that remand is not proper and the case was properly removed to this Court from the 286th Judicial District Court in and for Hockley County, Texas.

For the foregoing reasons, Defendant Hicks's Motion to Dismiss is **GRANTED** and Plaintiff's Motion to Remand is **DENIED.**

SO ORDERED.