

# NUMBER 13-24-00414-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CONNIE COBB AS A SUBSTITUTE TRUSTEE

## ON PETITION FOR WRIT OF MANDAMUS

## OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Opinion by Justice Peña[1]**

Relator Connie Cobb as a Substitute Trustee (Cobb) filed a petition for writ of

mandamus asserting that the trial court[2] abused its discretion by denying her motion to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number CL-23-1021-J in the County Court at Law No. 10 of Hidalgo County, Texas, and the respondent is the Honorable Armando J. Marroquin. *See id.* R. 52.2.

dismiss and motion for summary judgment in an action for wrongful foreclosure. *See* TEX. PROP. CODE ANN. § 51.007 (providing a procedure that allows a trustee under a deed of trust to seek dismissal from a lawsuit). We conditionally grant the petition for writ of mandamus in part and deny in part.

## I. BACKGROUND

On March 3, 2023, Jose Maria Longoria filed an original petition and request for temporary restraining order against Cobb. Longoria alleged that he executed a promissory note in the principal amount of $79,950.00 and, as collateral, granted a security interest in his residence on Esteban Court in Mission, Texas. Longoria alleged that the property was set for foreclosure and requested that he be allowed to complete payments on his note. He alleged that he never received a demand for late payments or notice of an intent to accelerate the payments. Longoria also asserted generally that the appointment of a substitute trustee, filed in conjunction with the foreclosure proceedings, was improper because it designated more than a dozen substitute trustees, including Cobb; whereas "the statute," unidentified in the petition, required that a single substitute trustee be appointed. He further asserted that he believed that "the entity that [was] trying to foreclose" lacked standing or authority to do so. Longoria sought actual damages and a temporary restraining order preventing foreclosure.

On March 6, 2023, the trial court issued a temporary restraining order preventing Cobb "as substitute trustee, and [her] assigns, agents, and representatives, to include but not limited to W.D. Lerew and Julie Martin," from, *inter alia*, taking any steps to foreclose on the subject property. However, on March 7, 2023, Jerry Perez, a different substitute

2

trustee who was *not* named in the temporary restraining order, conducted the foreclosure proceedings, and the property reverted to the beneficiary and holder of the note on the property and the deed of trust, U.S. Bank Trust National Association, as trustee of the Chalet Series IV Trust (U.S. Bank).[3]

After the case was removed to federal court and subsequently remanded to state court, on July 26, 2023, Cobb filed an answer and verified denial stating in relevant part:

1. Subject to and without waiving the foregoing General Denial, or in the alternative, but only to the extent necessary to protect his rights, [Cobb] specifically denies she is a necessary or proper party to this suit.

2. [Cobb] avers that there is a defect in parties as she is not a proper party to this lawsuit.

3. [Cobb] further avers that the present holder of the Deed of Trust lien on the property described in [Longoria's] pleadings is the proper party from which [Longoria] is required to seek relief.

4. Pursuant to [Texas Property Code] § 51.007, [Cobb] avers that she is not a necessary or proper party to this suit and has been named as party solely in the capacity as a substitute trustee under a deed of trust. [Cobb] hereby requests dismissal from this suit.

On August 15, 2023, Cobb filed a combined motion for traditional and no-evidence summary judgment alleging in relevant part that she was not a proper party to suit on grounds that she had no role in the foreclosure proceedings or sale. *See* TEX. R. CIV. P.

---

[3] We note that in a separate case, U.S. Bank National Association, as trustee for Chalet Series IV filed suit against Longoria for a writ of possession regarding the subject property in this case. The trial court granted summary judgment in favor of the plaintiff, and Longoria appealed. This Court recently affirmed that judgment. *See Longoria v. U.S. Bank Nat'l Ass'n, as Trustee for Chalet Series IV Trust*, No. 13-23-00537-CV, 2024 WL 4454725, at *1 (Tex. App.—Corpus Christ–Edinburg Oct. 10, 2024, no pet. h.) (mem. op.).

3

166a(b), (i). She supported her motion for summary judgment with, among other items, her affidavit. By affidavit, Cobb testified that:

2.      I have been improperly named as the Defendant in this case.

3.      I am not now, nor I have I ever acted as a servicer on the underlying loan for [Longoria's] loan for the subject property.

4.      I have never held a lien or any interest in and to the subject property whatsoever.

5.      I have never acted in any capacity for any servicer or for the lienholder U.S. Bank with respect to the servicing of the loan or the sending any of the required notices associated with [Longoria's] loan on the subject property.

6.      [Longoria] should have sued the Secured Party, U.S. Bank, which is the present owner and holder of the Note and Security Instrument.

[7].      [Longoria] has [pleaded] no cause of action against me on which he can recover.

[8].      [Longoria's] suit against me is a sham and I am entitled to judgment as a matter of law as articulated in my answer and pursuant to Texas Property Code § 51.007.

On December 1, 2023, Longoria filed a response to the motion, arguing that the notice of foreclosure identified fourteen possible trustees, including Cobb, and that Cobb or the other trustees violated the court's temporary restraining order by proceeding with foreclosure. Longoria supported his response to Cobb's motion for summary judgment with two exhibits: (1) a copy of the temporary restraining order, and (2) a copy of the sheriff's return showing that Cobb was served with the order by certified mail.

On January 18, 2024, the trial court signed an order denying Cobb's motion for traditional and no-evidence summary judgment.

4

On January 26, 2024, Cobb filed a motion to dismiss the case pursuant to Texas Property Code § 51.007. *See* TEX. PROP. CODE ANN. § 51.007. She alleged that Longoria's suit against her was based "solely" on her capacity as a substitute trustee, but his original petition failed to include any facts indicating that she was a proper party or had "any connection with the holding of a lien on the subject property or any involvement as a servicer on the underlying loan." Cobb asserted that she had filed a verified denial alleging that she was an improper party pursuant to the property code, and that Longoria had failed to file a response; thus, the property code mandated dismissal of the case against her. *See generally id.* On March 26, 2024, the trial court signed an order denying Cobb's motion to dismiss under § 51.007.

On August 20, 2024, Cobb filed this original proceeding. By three issues, Cobb asserts that: (1) the trial court erred by denying her motions to dismiss and for summary judgment; (2) the trial court's orders were arbitrary and capricious; and (3) the trial court's orders constituted abuses of discretion. We requested and received a response to the petition for writ of mandamus from Longoria and further received a reply thereto from Cobb. *See* TEX. R. APP. P. 52.4, 52.5, 52.8(b).

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re*

5

*USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III.    TRUSTEES AND TEXAS PROPERTY CODE § 51.007

A trustee under a deed of trust owes neither a fiduciary duty nor a duty of good faith and fair dealing to the mortgagor. *See FDIC v. Myers*, 955 F.2d 348, 350 (5th Cir. 1992) (applying Texas law); *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 708 (N. D. Tex. 2011). Nevertheless, a trustee under a deed of trust has a duty to "act with absolute impartiality and fairness" to both the mortgagor and mortgagee. *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977); *see Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 751 (Tex. 2009) (affirming that the trustee's duty runs to both the mortgagor and mortgagee); *Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983) ("Compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale."); *see also Boyce v. CitiMortgage, Inc.*, 992 F.Supp.2d 709, 718 (W.D. Tex. 2014). A trustee breaches this duty if the trustee fails to comply strictly with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code. *See Boyce*, 992 F.Supp.2d at 718; *Marsh*, 760 F.Supp.2d at 708; *Clauer v. Heritage Lakes Homeowners Ass'n*, 726 F.Supp.2d 668, 673 (E.D. Tex. 2010); *see also* TEX. PROP. CODE ANN. § 51.002(b). Thus, "a trustee may be liable for certain conduct related to a

6

foreclosure sale." *DTND Sierra Invs. LLC v. Bank of Am., N.A.*, 871 F.Supp.2d 567, 570 (W.D. Tex. 2012). For instance, a trustee must conduct a foreclosure sale fairly and not discourage bidding by acts or statements made before or during the sale. *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.—Amarillo 2007, pet. denied). However, a trustee's breach of duty is not an independent tort but rather a method of asserting a claim for wrongful foreclosure. *Marsh*, 760 F.Supp.2d at 708; *see Allied Cap. Corp. v. Cravens*, 67 S.W.3d 486, 491–92 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.).

The Texas Property Code provides a procedure by which a trustee who has been named as a party solely in the capacity as a trustee can seek dismissal from a lawsuit. *See* TEX. PROP. CODE ANN. § 51.007; *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 611 (N.D. Tex. 2009). Section 51.007 provides:

(a)     The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.

(b)     Within 30 days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.

(c)     If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.

(d)     If a respondent files a timely verified response to the trustee's verified denial, the matter shall be set for hearing. The court shall dismiss the trustee from the suit or proceeding without prejudice if the court determines that the trustee is not a necessary party.

7

(e) A dismissal of the trustee pursuant to Subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale.

(f) A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party.

TEX. PROP. CODE ANN. § 51.007; *see WAMCO XXVIII, Ltd. v. Casa Grande Cotton Fin. Co.*, 314 F.Supp.2d 655, 657 (N.D. Tex. 2004).

### IV. MOTION TO DISMISS

Cobb asserts that the trial court erred by denying her motion to dismiss under § 51.007 because she filed a verified denial and Longoria did not file a verified response rebutting her denial. *See* TEX. PROP. CODE ANN. § 51.007(a), (b). She notes that when a party has no objection or fails to file a timely verified response, the property code states that "the trustee shall be dismissed from the suit or proceeding without prejudice." *See id.* § 51.007(c). In contrast, Longoria alleges that Cobb's verified denial did not meet the requirements of § 51.007(a) because she failed to include a provision "stating the basis for [her] reasonable belief that [she] was named as a party solely in the capacity as a trustee." *See id.* § 51.007(a). Longoria contends that because Cobb's denial was deficient, he was not required to file an objection or verified response in rebuttal, and Cobb was not entitled to dismissal.

In *Marsh*, the court considered § 51.007(a)'s requirement for a verified denial to include the basis for the trustees' reasonable belief that they were named solely in their capacity as trustees. *See* 760 F.Supp.2d 701. There, the substitute trustees filed a verified denial stating merely that they were not necessary parties to the suit and that they

8

reasonably believed that they were named as parties solely in their capacities as trustees. *Id.* at 707. The plaintiffs contended that the trustees' verified denial was insufficient to invoke the statutory dismissal procedure. *See id.* The court agreed and concluded "that the phrase 'the basis for the trustee's reasonable belief,' when interpreted in accordance with the plain and common meaning of the words chosen, requires a trustee to state the reason or justification for the trustee's reasonable belief, rather than swear to the mere fact of that belief." *Id.* Thus, the court concluded that the trustees had not filed the verified denial described in § 51.007(a) and therefore were not entitled to dismissal without prejudice under § 51.007(c). *Id.* at 707–08.

We turn our attention to Cobb's verified denial, which stated that: (1) "she is not a necessary or proper party to this suit"; (2) "there is a defect in parties as she is not a proper party to this lawsuit"; (3) "the present holder of the Deed of Trust lien on the property described in [Longoria's] pleadings is the proper party from which [Longoria] is required to seek relief"; and (4) "Pursuant to [Texas Property Code] § 51.007, Cobb] avers that she is not a necessary or proper party to this suit and has been named as party solely in the capacity as a substitute trustee under a deed of trust."

Although Cobb states that the holder of the deed of trust was the proper party for Longoria to have sued, she offers no explanation regarding why she is not *also* a proper party to the suit in her individual capacity. We agree with *Marsh*'s reasoning, and we conclude that Cobb's verified denial did not clearly state the basis for a reasonable belief that she was named in the lawsuit solely in her capacity as a trustee. *See id.*; *see also Claudio D. v. Countrywide KB Home Loans*, No. 3:14-CV-3969-K, 2015 WL 5164812, at

9

*15 (N.D. Tex. Sept. 1, 2015) (concluding that a trustee's verified denial "stating that it was his reasonable belief that he was named as a party solely in his capacity as a substitute trustee, and his only connection with the lawsuit is his appointment as the substitute trustee under the deed of trust" did not meet the statutory requirement thus dismissal was not warranted even in the absence of a verified response); *Altuve v. Wells Fargo Bank, N.A.*, No. A-14-CV-161-LY, 2014 WL 12479998, at *4 (W.D. Tex. July 22, 2014) (concluding that a verified denial was sufficient where it tracked the plaintiff's allegations in its petition and stated, *inter alia*, that the trustee was not liable even if the plaintiff's allegations were true and that the trustee acted "in no capacity other than as substitute trustee"), *report and recommendation adopted*, No. A-14-CV-161-LY, 2014 WL 12479999 (W.D. Tex. Nov. 7, 2014); *Pickens v. US Bank Nat'l Ass'n*, No. 3:12-CV-2210-O-BK, 2013 WL 12137009, at *2 (N.D. Tex. July 18, 2013) (concluding that a verified answer alleging that the trustee "is not a necessary party to this cause of action by reason of its reasonable belief that it was named as a party solely in its capacity as trustee under the Deed of Trust" was insufficient), *report and recommendation adopted as modified*, No. 3:12-CV-02210-0, 2013 WL 12137011 (N.D. Tex. Aug. 19, 2013); *Cobb v. Ocwen Loan Servicing, LLC*, No. 1:11-CV-561, 2012 WL 13162864, at *2 (E.D. Tex. Apr. 27, 2012) (concluding that a verified denial examining the trustee's duties and the applicable law and stating that the plaintiff's petition "fails to state any misconduct that gives rise to a legally cognizable claim" against the trustee).

Because Cobb did not file a verified denial containing the information required by § 51.007(a), she is not subject to dismissal without prejudice under § 51.007(c), even in

10

the absence of a verified rebuttal. *See Marsh*, 760 F.Supp.2d at 707. We conclude that the trial court did not abuse its discretion by denying Cobb's motion to dismiss. Accordingly, we overrule Cobb's issues insofar as they pertain to her motion to dismiss.

## V.    MOTION FOR SUMMARY JUDGMENT

We turn our attention to the trial court's ruling on Cobb's motion for summary judgment. In her motion for summary judgment, Cobb asserted, *inter alia*, that Longoria's "claims are unsupported by law or fact" and that he "can offer no evidence whatsoever that demonstrates that [Cobb] is a proper party in the case" because she "had absolutely no role with respect to the foreclosure sale that was conducted." Cobb further asserted that Longoria "has sued the incorrect party as [Cobb] has never held the lien on the subject property or acted as a servicer on [Longoria's] loan."

### A.    Summary Judgment Standard of Review

Cobb filed a "hybrid" motion for summary judgment on both no-evidence and traditional grounds. We perform a de novo review of an order denying a motion for summary judgment. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). To defeat a no-evidence motion for summary judgment, the nonmovant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements. *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). There is less than a scintilla of evidence when the evidence is so weak that it only creates a mere surmise or suspicion of a fact. *Id.* To be entitled to traditional summary judgment, the movant has the burden to prove that no genuine issue of material

11

fact exists and that the movant is entitled to judgment as a matter of law. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021).

Usually, when a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). However, when both parties present evidence on a hybrid motion for summary judgment, as here, the differing burdens are immaterial and "the ultimate issue is whether the nonmovant raised a fact issue to preclude summary judgment." *Fossil Grp., Inc. v. Harris*, 691 S.W.3d 874, 882 (Tex. 2024); *see Buck v. Palmer*, 381 S.W.3d 525, 527 & n.2 (Tex. 2012) (per curiam). Accordingly, we do not segregate our review to address the different burdens associated with each type of motion for summary judgment, and in conducting our de novo review, we will review the full summary judgment record to determine whether fact issues exist. *Tex. Dep't of Motor Vehicles v. Bustillos*, 630 S.W.3d 316, 331 (Tex. App.—El Paso 2021, no pet.); *Tawil v. Cook Children's Healthcare Sys.*, 582 S.W.3d 669, 686 (Tex. App.—Fort Worth 2019, no pet.). "[T]o determine if a fact issue exists, we examine the evidence in the light most favorable to the nonmovant, indulging reasonable inferences and resolving any doubts against the moving party." *Fossil Grp., Inc.*, 691 S.W.3d at 882; *see Scripps NP Operating, LLC*, 573 S.W.3d at 790; *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

B.    **Timeliness of the Motion**

In response to Cobb's contentions in this original proceeding, Longoria asserts that the trial court did not err by denying Cobb's motion for summary judgment because it was

premature. According to Longoria, Cobb filed the motion on August 15, 2023, before the commencement of the discovery period in this case. He argues that since Cobb filed her answer to the lawsuit on July 26, 2023, the discovery period commenced on August 25, 2023, one month later, based on the deadline for initial disclosures. *See* TEX. R. CIV. P. 194.2(a). Longoria further asserts that Cobb's motion inaccurately stated that he filed his lawsuit on December 2, 2022, rather than March 3, 2023, and suggests that this error "tried to prejudice the trial court into believing that [he] had been dilatory" about seeking discovery.

As stated previously, Cobb filed a hybrid motion for a traditional and no-evidence summary judgment. Rule 166a(a) regarding traditional summary judgments provides that a party "may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." TEX. R. CIV. P. 166a(a). In contrast, Rule 166a(i) requires no-evidence motions to be filed "[a]fter adequate time for discovery." *Id.* R. 166a(i).

When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Barrientos v. Barrientos*, 675 S.W.3d 399, 412 (Tex. App.—Eastland 2023, pet. denied). In its affidavit or verified motion for continuance, the objecting party must show how the evidence sought by discovery is material to its claims, so that a continuance is necessary before the summary judgment motion is heard. *Mr. W*

13

*Fireworks, Inc. v. NRZ Inv. Grp., LLC*, 677 S.W.3d 11, 22 (Tex. App.—El Paso 2023, pet. denied).

Longoria did not file an affidavit or a verified motion for continuance in support of his contention that Cobb's motion for summary judgment was premature. In this original proceeding, Longoria does not explain why he believed additional discovery was necessary or state why such evidence would have been material to his case. We conclude that Longoria failed to preserve his argument that the motion for summary judgment was premature. *See id.*

Longoria further suggests that Cobb's mistake of fact in her motion for summary judgment—that his lawsuit had been pending since December 2022—somehow buttressed the trial court's decision to deny Cobb's motion for summary judgment. Longoria offers no argument or authority in favor of this proposition. *See* Tex. R. App. P. 52.3(h) ("The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record."); *see, e.g.*, *In re Mansour*, 630 S.W.3d 103, 109 (Tex. App.—San Antonio 2020, orig. proceeding). In these circumstances, we conclude that this error does not affect the standard of review applied by the trial court or this Court.

## C. Sufficiency of the Motion for Summary Judgment

Longoria asserts that Cobb's traditional motion for summary judgment was not supported by competent and admissible summary judgment evidence, and therefore, the

14

trial court's denial of the motion was proper.[4] The supreme court has addressed the evidentiary requirements for summary judgment evidence as follows:

> It is well settled that while "[t]he same evidentiary standards that apply in trials also control the admissibility of evidence in summary-judgment proceedings," "the rules of error preservation also apply." *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163–64 (Tex. 2018). Thus, to complain on appeal about defects in the form of summary judgment evidence, a party must both timely object and secure a ruling from the trial court on the objection. *Id.* at 164; *see* TEX. R. CIV. P. 166a(f) (stating that a defect in the form of summary judgment evidence provides no "grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend"). Without both an objection and a ruling, the complained-of evidence remains part of the summary judgment record and should be considered by the court of appeals in reviewing the trial court's judgment. *Seim*, 551 S.W.3d at 166; TEX. R. APP. P. 33.1(a) (stating that preservation of a complaint for appellate review requires that the record show both (1) the complaint was made to the trial court by a timely request, objection, or motion and (2) the court expressly or implicitly ruled, or refused to rule, on the request or objection).

---

[4] Longoria also asserts that Cobb was not entitled to summary judgment "because she did not file a proper denial raising the issue" under property code § 51.007. Longoria conflates the requirements for dismissal under § 51.007 with the requirements for no-evidence motions for summary judgment. *Compare* TEX. PROP. CODE ANN. § 51.007(a), *with* TEX. R. CIV. P. 166a(i).

Longoria also asserts that Cobb's no-evidence motion failed to specifically identify the challenged elements of Longoria's claims and was thus fundamentally defective. Rule 166a(i) requires a no-evidence motion to specifically state the element or elements for which there is no evidence, and we strictly enforce this requirement. *See* TEX. R. CIV. P. 166a(i); *Cmty. Health Sys. Prof'l Servs., Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017). The specificity requirement, analogous to the "fair notice" pleading requirement, provides the nonmovant with adequate information to oppose the motion and defines the issues for summary judgment, and is analogous to the "fair notice" pleading requirements elsewhere in the rules of civil procedure. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009); *see also* TEX. R. CIV. P. 45(b), 47(a). Cobb's motion states that "there is no evidence that [she] is a proper party." Because both parties presented evidence on a hybrid motion for summary judgment, we focus on whether the nonmovant raised a fact issue to preclude summary judgment. *Fossil Grp., Inc. v. Harris*, 691 S.W.3d 874, 882 (Tex. 2024). Thus, we need not determine whether Cobb's no-evidence motion is sufficiently specific. *See Timpte Indus., Inc.*, 286 S.W.3d at 310–11; *see also Kochar v. Wasserman*, No. 04-18-00901-CV, 2019 WL 3307915, at *2 (Tex. App.—San Antonio July 24, 2019, no pet.) (mem. op.); *Ruiz v. CBL & Assocs. Props., Inc.*, No. 13-13-00670-CV, 2014 WL 4161583, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 21, 2014, no pet.) (mem. op.); *Robison v. Tex. Health Res., Inc.*, No. 05-11-01376-CV, 2013 WL 3947148, at *2 (Tex. App.—Dallas July 29, 2013, no pet.) (mem. op.); *Huffaker v. Wylie LP Gas, Inc.*, No. 07-08-0133-CV, 2009 WL 1506901, at *3 (Tex. App.—Amarillo May 29, 2009, pet. denied) (mem. op.).

15

*FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 837 (Tex. 2022). In contrast, when an affidavit presents purely substantive defects, those defects can be complained of for the first time on appeal and are not subject to the general rules of error preservation. *Seim*, 551 S.W.3d at 166; *1776 Energy Partners, LLC v. Marathon Oil EF, LLC*, 692 S.W.3d 564, 584 (Tex. App.—San Antonio 2023, no pet.); *Polecat Hill, LLC v. City of Longview*, 648 S.W.3d 315, 331 (Tex. App.—Texarkana 2021, no pet.).

In this original proceeding, Longoria contends that certain exhibits were not authenticated, constituted inadmissible hearsay, or failed to reflect personal knowledge. These objections concern formal defects in the summary judgment evidence. *Nationwide Coin & Bullion Rsrv., Inc. v. Thomas*, 625 S.W.3d 498, 504 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (collecting cases). Longoria's response to Cobb's motion for summary judgment did not include any objections to Cobb's evidence. We were not presented with a reporter's record; thus there is no "unequivocal oral ruling" on any objections that Longoria may have asserted at the hearing on the motion for summary judgment. *See FieldTurf USA, Inc.*, 642 S.W.3d at 838. The record does not contain any orders either sustaining or overruling objections to the summary judgment evidence. *See id.* Further, the trial court's order denying Cobb's motion indicates that it considered "the pleadings, evidence, and arguments of counsel." Under these circumstances, Longoria's objections to defects of form are waived. *See id.; Nationwide Coin & Bullion Rsrv., Inc.*, 625 S.W.3d at 504.

Also in this proceeding, Longoria further argues that the statements in paragraphs two, six, and seven of Cobb's affidavit constitute legal conclusions and thus fail to

16

constitute competent summary judgment evidence. An objection that a summary judgment affidavit is conclusory constitutes an objection to the substance of the affidavit and may be raised for the first time on review. *McEndree v. Volke*, 634 S.W.3d 413, 420 (Tex. App.—Eastland 2021, no pet.); *In re Estate of Zerboni*, 556 S.W.3d 482, 487 (Tex. App.—El Paso 2018, no pet.); *Leonard v. Knight*, 551 S.W.3d 905, 911–12 (Tex. App.—Houston [14th Dist.] 2018, no pet.). A statement is conclusory when it provides a conclusion but does not include the underlying facts in support of that conclusion. *McEndree*, 634 S.W.3d at 420; *In re Estate of Zerboni*, 556 S.W.3d at 487; *Leonard*, 551 S.W.3d at 911–12.

The paragraphs that Longoria claims are conclusory include statements that: Cobb has "been improperly named as the Defendant in this case," that Longoria "should have sued the Secured Party, U.S. Bank, which is the present owner and holder of the Note and Security Instrument," and that Longoria "has plead[ed] no cause of action against [Cobb] on which he can recover." We agree that these statements are conclusory and do not include them in our analysis. *See McEndree*, 634 S.W.3d at 420; *In re Estate of Zerboni*, 556 S.W.3d at 487.

However, Cobb also averred that: she is "not now, nor [has she] ever acted as a servicer on the underlying loan for [Longoria's] loan for the subject property"; she has "never held a lien or any interest in and to the subject property whatsoever"; and she has "never acted in any capacity for any servicer or for the lienholder U.S. Bank with respect to the servicing of the loan or the sending any of the required notices associated with [Longoria's] loan on the subject property." Cobb also asserted, without objection, that

17

Longoria's "suit against me is a sham and I am entitled to judgment as a matter of law as articulated in my answer and pursuant to Texas Property Code § 51.007." We consider these statements in Cobb's affidavit in our evidentiary review. *See FieldTurf USA, Inc.*, 642 S.W.3d at 837; *Seim*, 551 S.W.3d at 166.

## D. Analysis

We review the merits of Cobb's motion for summary judgment. Cobb asserted, in summary, that all of Longoria's claims against her must fail because she was not the lienholder or the servicer on Longoria's loan, and she had "no nexus" with the foreclosure proceedings. Longoria's response to Cobb's motion for summary judgment asserts merely that Cobb was served with the trial court's temporary restraining order prior to foreclosure, but the property was nevertheless foreclosed. His response further asserts that there were deficiencies in the appointment of a substitute trustee because it did not specify a single individual, and the street address included in the notice was attributed to "Prestige Default Services, LLC," but "[c]ompanies can't be listed as trustees." Longoria cited no authority for his contentions. In terms of evidence, Longoria supported his response to the motion for summary judgment with copies of the temporary restraining order and the return of citation showing that Cobb had been served with the temporary restraining order.

Examining the evidence in the light most favorable to Longoria, indulging reasonable inferences in his favor and resolving any doubts against Cobb, we determine that Longoria did not raise a fact issue sufficient to preclude summary judgment. *Fossil Grp., Inc.*, 691 S.W.3d at 882; *Scripps NP Operating, LLC*, 573 S.W.3d at 790. Longoria's

18

arguments do not establish that Cobb owed a legal duty to him or that she breached any alleged duty. In this regard, we further note that any alleged breach of duty by Cobb did not constitute an independent tort and was merely a method of asserting a claim for wrongful foreclosure. *See Marsh*, 760 F.Supp.2d at 708; *Allied Cap. Corp.*, 67 S.W.3d at 491–92. Longoria produced no evidence indicating that Cobb participated in providing statutory notices regarding default or foreclosure, participated in the foreclosure proceedings, had any factual relationship to the foreclosure proceedings, or was otherwise a proper party to the suit.

We conclude that the trial court erred by denying Cobb's motion for summary judgment. We sustain Cobb's issues insofar as they concern her motion for summary judgment.

## VI. PROPRIETY OF MANDAMUS RELIEF

Longoria posits numerous reasons why mandamus relief is inappropriate in this case. We address these arguments in turn.

## A. Amended Petition

Longoria contends that he amended his petition after the trial court denied summary judgment, and he notes that Cobb did not address the new causes of action raised in the amended petition in her summary judgment motion or in this original proceeding. Thus, according to Longoria, Cobb "cannot show that she lacks an adequate remedy at law when she has never addressed [Longoria's] amended live pleading in the trial court." Longoria does not explain how his amended pleading affects Cobb's appellate remedy or offer other argument or authority in favor of this proposition. *See* TEX. R. APP.

19

P. 52.3(h); *In re Mansour*, 630 S.W.3d at 109. Longoria asserts, though, that all of Cobb's contentions in this original proceeding relate to his now-defunct original petition.

Longoria's original petition sought to stop foreclosure on the property or set aside a foreclosure sale if it had already taken place, stated that Cobb did not provide required default and acceleration notices, and asserted that Cobb failed to properly identify a single specific substitute trustee for the foreclosure proceedings. Longoria's first amended petition, filed after foreclosure had taken place, includes express causes of action for breach of contract, fraudulent inducement, fraud, and negligent misrepresentation. However, these additional causes of action are premised on the same facts as those alleged in his original petition—that is, those pertaining to foreclosure and the failure to identify a specific substitute trustee.

When a plaintiff amends its petition after a motion for summary judgment has been filed, the movant for summary judgment must ordinarily amend or supplement the motion to address the new claims. *Stillwell v. Stevenson*, 668 S.W.3d 844, 852 (Tex. App.—El Paso 2023, pet. denied); *Espeche v. Ritzell*, 123 S.W.3d 657, 663–64 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). However, Texas courts recognize several circumstances in which amendment is not required. *Stillwell*, 668 S.W.3d at 852; *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 123 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Amendment is not required "when the omitted cause of action is precluded as a matter of law by other grounds raised in the case," *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (per curiam), or when (1) the amended petition essentially reiterates previously

20

pleaded causes of action, (2) a ground asserted in the motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims, or (3) the original motion is broad enough to encompass the newly asserted claims. *Bridgestone Lakes Cmty. Improvement Ass'n, Inc.*, 489 S.W.3d at 123; *Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 350 (Tex. App.—Dallas 2013, no pet.); *Rust v. Tex. Farmers Ins.*, 341 S.W.3d 541, 552 (Tex. App.—El Paso 2011, pet. denied).

Longoria contends that his amended petition states "new causes of action and claims," but he does not explain why this should defeat summary judgment. Additionally, his amended petition is premised on the same facts as his original petition, and the amended petition does not include any new facts regarding Cobb's alleged acts or omissions. We conclude that Cobb's stated grounds for summary judgment, that she was not involved in the lien, its servicing, any required notices, and the foreclosure proceeding, were sufficiently broad to encompass the claims made in Longoria's amended petition. *See Bridgestone Lakes Cmty. Improvement Ass'n, Inc.*, 489 S.W.3d at 123; *Callahan*, 397 S.W.3d at 350; *Rust*, 341 S.W.3d at 552.

**B.    Delay**

Longoria alleges that Cobb unreasonably delayed in seeking mandamus relief because the trial court denied Cobb's motion for summary judgment on January 18, 2024, and denied her motion to dismiss on March 26, 2024, yet Cobb did not file her petition for writ of mandamus until August 20, 2024, and she did not file her first amended petition for writ of mandamus until August 22, 2024.

21

"[A] relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified." *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (orig. proceeding) (per curiam); *see In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). To show that delay bars mandamus relief, a litigant must ordinarily show an unreasonable delay by the opposing party in asserting its rights and also the moving party's good faith and detrimental change in position because of the opposing party's delay. *In re Laibe*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding) (per curiam); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989); *In re Giles*, 675 S.W.3d 376, 389 (Tex. App.—Corpus Christi–Edinburg 2023, orig. proceeding); *In re Mabray*, 355 S.W.3d 16, 22 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding [mand. denied]).

Based on the record, Cobb filed her petition for writ of mandamus seven months after her motion for summary judgment was denied and five months after her motion to dismiss was denied. However, Longoria has neither argued nor shown that he has suffered harm or prejudice as a result of the alleged delay. *See In re Laibe*, 307 S.W.3d at 318. In fact, Cobb asserts that Longoria "has suffered no harm as he continues to live rent free in a house he no longer owns." In terms of justification for the delay, Cobb asserts that Longoria's intervening request for mediation was a "contributing catalyst" to filing this original proceeding because it meant that she "would have to needlessly expend even more time, energy, and resources to fight baseless litigation against her." We conclude that under the specific circumstances present in this case, delay does not bar relief. *See id.; In re Giles*, 675 S.W.3d at 389; *In re Mabray*, 355 S.W.3d at 22.

22

**C.**     **Adequacy of a Remedy by Appeal**

Longoria asserts that Cobb has an adequate remedy by appeal from the final judgment in this case, thus defeating mandamus relief. He asserts specifically that this case falls within the general rule that the denial of a motion for summary judgment is not reviewed by mandamus, and this case presents no extraordinary circumstances suggesting otherwise.

Generally, mandamus relief is "unavailable when a trial court denies summary judgment, no matter how meritorious the motion." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). This is the case because such denials are incidental to the regular trial process and the error can typically be adequately reviewed by appeal. *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 405 (Tex. App.—Tyler 2006, orig. proceeding). Nevertheless, "some extraordinary circumstances will warrant mandamus relief." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 842–43 (Tex. 2024) (orig. proceeding); *see In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding) (collecting examples); *see also In re Kingman Holdings, LLC*, No. 13-21-00217-CV, 2021 WL 4301810, at *5 (Tex. App.—Corpus Christi–Edinburg Sept. 22, 2021, orig. proceeding) (mem. op.) (concluding that there was an inadequate remedy by appeal for the denial of a no-evidence motion for summary judgment).

We determine the adequacy of Cobb's appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and

private interests involved, and we examine the specific facts of the case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 469; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. We consider whether mandamus will protect important substantive and procedural rights from impairment or loss, allow courts to give needed direction to the law that might otherwise prove elusive in appeals from final judgments, and spare the public and the litigants the time and money spent while waiting for an eventual reversal of the proceedings. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Examining the specific facts and circumstances at issue here, we conclude that Cobb lacks an adequate remedy by appeal. This case concerns the alleged liability of a substitute trustee who had no nexus to the foreclosure proceedings at issue. In seeking relief, Cobb relied, in relevant part, on § 51.007, which provides a procedure by which a substitute trustee can seek dismissal from a lawsuit on an expedited basis, even as early as its answer date. *See* TEX. PROP. CODE ANN. § 51.007; *Cantor*, 641 F.Supp.2d at 611. Allowing prompt review of this issue by mandamus resonates with the legislative scheme providing a method for the early resolution of claims made against substitute trustees. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In this regard, we note that there are no Texas cases construing the pleading requirements under § 51.007; thus this opinion will also provide helpful direction to the law that might prove elusive in an appeal from a final judgment. *See id.* Further, mandamus will spare the litigants and the public the time and money wasted enduring an eventual reversal. *See id.*; *see also In re Ill. Nat'l Ins.*, 685 S.W.3d at 842–43 (discussing mandamus to prevent "a knowing waste of

resources"); *In re McAllen Med. Ctr.*, 275 S.W.3d at 465–66 ("Sitting on our hands while unnecessary costs mount up contributes to public complaints that the civil justice system is expensive and outmoded.").

Based on the foregoing, we conclude that the extraordinary circumstances present in this case render a remedy by appeal after final judgment inadequate.

## VII.    CONCLUSION

The Court, having examined and fully considered Cobb's petition for writ of mandamus, Longoria's response, Cobb's reply, and the applicable law, is of the opinion that Cobb has met her burden to obtain mandamus relief, in part, regarding her motion for summary judgment. Accordingly, we conditionally grant the petition for writ of mandamus in part, and we direct the trial court to vacate its order denying Cobb's motion for summary judgment and to proceed in accordance with this opinion. Our writ will issue only if the trial court fails to promptly comply. We deny the petition for writ of mandamus in part regarding Cobb's request for relief regarding her motion to dismiss.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
2nd day of December, 2024.

25